616 P.2d 941

Harold LIM and Phyllis Lim, husband and wife; and Barbara Kooistra Hamm, Petitioners,

v.

SUPERIOR COURT of the State of Arizona In and For the COUNTY OF PIMA, and Commissioner Lawrence K. Bret Harte, Pima County Court Commissioner, and Lawrence G. Moore, Real Party in Interest, Respondents.

No. 2 CA–CIV 3616.

Court of Appeals of Arizona, Division 2.

July 1, 1980.

Rehearing Denied Aug. 6, 1980.

Review Denied Sept. 11, 1980.

Bilby, Shoenhair, Warnock & Dolph, P. C., by Lina S. Rodriguez, Tucson, for petitioners.

John William Johnson by Christopher Paul Tabing, Tucson, for respondent real party in interest.

## OPINION

HATHAWAY, Chief Judge.

Petitioners challenge the respondent court's refusal to grant their motion for summary judgment and motion for rehearing and reconsideration, alleging that the real party in interest's claim is barred by the Statute of Limitations. Since petitioners have no plain, speedy and adequate remedy by appeal, and because our granting of relief will terminate this litigation, we assume jurisdiction. *Scottsdale Jaycees v. Superior Court of Maricopa County*, 17 Ariz.App. 571, 499 P.2d 185 (1972).

On November 21, 1978, the real party in interest Moore filed a complaint against petitioners and assorted John Does alleging defamation "within two (2) years last past." On July 30, 1979, petitioners filed a motion for summary judgment, claiming the suit was barred by a one–year Statute of Limitations. The real party in interest acknowledged the statutory period had run but argued that the statute had been tolled because petitioners had fraudulently concealed the identity of the alleged defamers. By minute entry dated November 20, 1979, respondent court ruled:

"The Court believes that the interests of justice and the conduct of the defendants require that this case not be dismissed due to the running of the Statute of Limitations."

The motion for rehearing and reconsideration was denied on February 25, 1980.

A.R.S. § 12–541 provides, in part:

"There shall be commenced and prosecuted within one year after the cause of action accrues, and not afterward, the following actions:

1. For malicious prosecution, or for false imprisonment, or for injuries done to the character or reputation of another by liable or slander."

■ An action for defamation accrues and the Statute of Limitations begins to run upon publication. 50 Am.Jur.2d, Libel and Slander, § 390; *Campbell v. Jewish Committee for Personal Service*, 125 Cal. App.2d 771, 271 P.2d 185 (1954). The statements herein were published prior to November 24, 1976, and the complaint was filed November 21, 1978, almost one year beyond when Arizona's one–year Statute of Limitations had run. It is the real party in interest's contention that the statute should have been tolled because the petitioners "abuse" Rule 26, Arizona Rules of Civil Procedure, by concealing the identity of the author of the anonymous letter which is the basis of his action.

The alleged defamation occurred in November 1976 and the following month the real party in interest filed an action on the same facts against Hughes Aircraft Company, certain employees, and fictitious defendants. He noticed the deposition of petitioners Hamm and Harold Lim. Counsel for Hamm objected to the deposition because neither she nor Mr. Lim had been served with witness fees and mileage required under the rule for nonparties. Mr. Lim's deposition was not taken until September 29, 1978, after the Statute of Limitations had run. The real party in interest did renotice Ms. Hamm, and her deposition was taken on March 10, 1977. At the deposition, defendants in the Hughes Aircraft action objected that the questions to Ms. Hamm were irrelevant.

Hughes Aircraft had filed a motion for summary judgment and advised the real party in interest that if the motion were denied or, in the alternative, if the real party in interest obtained an order compelling Ms. Hamm's testimony, the defendants were willing to produce Ms. Hamm for deposition. The motion for summary judgment was granted in July 1977, on the basis that the real party in interest had failed to state a claim for wrongful termination. Meanwhile, the ongoing dispute to compel discovery regarding the depositions of Ms. Hamm and Mr. Lim, among others, was not as yet resolved. A motion to reconsider the trial court's denial of a motion to compel discovery was filed and a hearing was set for December 5, 1977, one month beyond the one–year Statute of Limitations.

On January 16, 1978, the court granted the real party in interest a limited right to ask questions of Ms. Hamm. However, as noted previously, the deposition of Mr. Lim was not taken until September 29, 1978, 10 months after the Statute of Limitations had expired. The deposition of Ms. Hamm was not taken again until October 11, 1978, nine months after the court's order and almost one year after the expiration of the statute. During Ms. Hamm's deposition, her counsel objected that the questions being asked were irrelevant and beyond the scope of the limited order of the court. The case involved herein was filed November 21, 1978.

Nothing in the record shows an "abuse" by petitioners of Rule 26, Arizona Rules of

Civil Procedure. Rather, a wilful lack of diligence on the part of the real party in interest in securing the needed depositions is shown. The real party in interest could have taken the depositions of Hamm and Lim in February 1977, except that he failed to comply with Rule 45(d), Arizona Rules of Civil Procedure, as to serving witness and mileage fees. The deposition of Lim was not renoticed until almost one year after the Statute of Limitations had run. The deposition of Ms. Hamm was properly renoticed for March 10, 1977, within the one–year period. The real party in interest did not file a motion to compel her testimony until almost four months after her deposition. The real party in interest did not attend the hearing on his motion to compel, requiring him to file a motion for reconsideration which he did on September 26, 1977, still within the one–year statute. However, he had the hearing on the motion set for one month after the running of the statute. The record belies his assertion that he was diligently attempting to discover the identity of the alleged defamers. Had he been diligent, he would have obtained an order shortening the time for hearing on the motion for reconsideration. He was aware of the alleged defamation since November 1976, and failed to act diligently thereafter.

█ The Statutes of Limitations is not tolled in a defamation action where the plaintiff is unable to learn the identity of the alleged defamer 50 Am.Jur.2d, Libel and Slander, § 390. In *Staples v. Zoph,* 9 Cal.App.2d 369, 49 P.2d 1131 (1935), the California Court of Appeals held that in a libel action the Statute of Limitations is not tolled by concealment of the defendant's identity, maintaining that the rule does not operate unjustly to a plaintiff since within the Statute of Limitations a suit naming a fictitious defendant could have been filed.

As Division One of this court stated in *Jackson v. American Credit Bureau, Inc.,* 23 Ariz.App. 199, 531 P.2d 932 (1975), to toll a Statute of Limitations, a defendant must cause delay, then seek to take advantage of it by pleading the statute, citing *Zimmerer v. General Electric Co.,* 126 F.Supp. 690 (D.Conn.1954).

█ The court in *Jackson,* quoting 1 Wood on Limitations, 8–9 (4th ed. 1916), stated:

"* * * The statute of limitations is a statute of repose, enacted as a matter of public policy to fix a limit within which an action must be brought, or the obligation be presumed to have been paid, and is intended to run against those who are neglectful of their rights, and who fail to use reasonable and proper diligence in the enforcement thereof. . . ." 23 Ariz.App. at 203, 531 P.2d at 936.

The Statute of Limitations was not tolled because of the failure to identify the alleged defamers. The alleged defamation occurred in November 1976, and a complaint naming fictitious defendants, with a subsequent amendment to name the alleged defamers once their identity was determined, could have been filed.

The lower court erred in denying petitioners' motion for summary judgment since the Statute of Limitations had expired by the time the suit was instituted and the petitioners had done nothing to be estopped from asserting the Statute of Limitations as a defense. The order denying the motion for summary judgment is vacated and the trial court shall enter an order granting the motion.

Relief granted.

HOWARD and RICHMOND, JJ., concur.