727 P.2d 26

**OLD ADOBE OFFICE PROPERTIES, LTD., an Arizona Limited Partnership, Petitioner,**

v.

**The Honorable Harry GIN, Judge of the Superior Court, Respondent,**

**and**

**VASQUEZ CONSTRUCTION CO., INC., an Arizona corporation, Real Party in Interest.**

**No. 2 CA–SA 0364.**

Court of Appeals of Arizona, Division 2, Department A.

May 28, 1986.

Reconsideration Denied July 1, 1986.

Review Denied Oct. 28, 1986.

Druke, Feulner & Cornelio, P.C. by George J. Feulner, Tucson, for petitioner.

Ettinger & Deckter, P.C. by Louis L. Deckter, Tucson, for real party in interest.

## OPINION

FERNANDEZ, Judge.

Petitioner challenges the respondent judge's denial of its motion to dismiss the action filed by the real party in interest to foreclose a mechanic's lien. Since petitioner has no plain, speedy and adequate remedy by appeal, and because our granting relief will terminate a substantial portion of the litigation, we assume jurisdiction. *Lim v. Superior Court*, 126 Ariz. 481, 616 P.2d 941 (App.1980).

Petitioner, Old Adobe Office Properties, Ltd. (Old Adobe), is the defendant and counterclaimant in a pending superior court action, and the real party in interest, Vasquez Construction Co., Inc. (Vasquez), is the plaintiff and counterdefendant. On May 14, 1985, Vasquez recorded in the Pima County Recorder's Office a Notice and Claim of Lien which stated that Vasquez had furnished labor, equipment and materials which were used in improvements upon certain real property owned by Old Adobe. On November 6, 1985, Vasquez filed a complaint seeking to foreclose its lien and alleging that Old Adobe had

failed to pay on open account the balance due for materials and labor. Old Adobe filed its answer along with a counterclaim alleging that Vasquez had breached its contract by installing trusses with insufficient weight-bearing capabilities. Old Adobe also alleged negligence in that installation and claimed that the damages incurred as a result exceeded the amount allegedly due Vasquez. Old Adobe's counterclaim also sought an order removing the lien as an encumbrance and awarding damages pursuant to A.R.S. § 33–420.

Old Adobe filed a motion to dismiss Vasquez' complaint, for an order removing the lien, and for summary judgment. Old Adobe argued that the mechanic's lien is invalid due to Vasquez' failure to perfect it in accordance with A.R.S. § 33–993. Specifically, Old Adobe contended that a copy of the notice and claim of lien was never served upon it as record owner of the property. The affidavit of the general partner of Old Adobe was filed in support of its motion. Vasquez, on the other hand, maintained that it had sent a copy of the notice and claim of lien to Old Adobe's office by first class regular mail on the date of recordation and submitted the affidavit of its president so stating. The respondent judge denied Old Adobe's motion.

The issues presented in this special action are (1) whether depositing a copy of the notice and claim of lien in first class regular mail without obtaining a certificate of mailing constitutes a valid method of service under A.R.S. § 33–993(A), and (2) whether service of a notice and claim of lien with the complaint to foreclose that lien filed nearly six months after recording constitutes service within a reasonable time under § 33–993(A). We do not agree with the trial court's resolution of these issues.

A.R.S. § 33–993(A) provides that, within specified time periods, a claimant "shall make duplicate copies of a notice and claim of lien and record one copy with the county recorder of the county in which the property or some part of the property is located, and within a reasonable time thereafter serve the remaining copy upon the own-

er...." We agree with Vasquez that if service is made by mail, service is complete at the time of the deposit of such mail. We do not agree, however, that merely depositing the notice for mailing as first class regular mail is all that is required by the statute. The purpose of the notice requirement of A.R.S. § 33–993 "is to give the property owner an opportunity to protect himself and time to investigate the claim to determine whether it is a proper charge." *Lewis v. Midway Lumber, Inc.*, 114 Ariz. 426, 431, 561 P.2d 750, 755 (App.1977). Methods of service of other notices under Article 6 provide guidance as to what is required by § 33–993(F).

Certain lien claimants are required to "serve" the owner with a preliminary 20–day notice as a prerequisite to the validity of any lien. A.R.S. § 33–992.01(B). Service under that subsection may be made as follows:

"by delivering the notice personally, by leaving it at the residence or place of business of the person to be served with some person of suitable age and discretion then residing or working therein or by first class, registered or certified mail, postage prepaid, addressed to the person to whom notice is to be given at his residence or business address." A.R.S. § 33–992.01(G)

When a preliminary 20–day notice is required, the notice and claim of lien subsequently recorded under § 33–993 must contain a copy of the 20–day notice and proof of service of that notice. A.R.S. § 33–993. If the person upon whom the 20–day notice was served fails to complete and return an acknowledgment of receipt, proof of service may be made by affidavit of the person making such service and, "[i]f service was made by first class, certified or registered mail, the certificate of mailing, the receipt of certification or registration shall be attached to the affidavit." A.R.S. § 33–992.02(2).

If an owner elects to record a notice of completion at any time after completion of construction, that notice affects the time limitations for the recordation of a claim-

ant's notice and claim of lien. The owner must mail a copy of the notice of completion by certified or registered mail to the general contractor and to all persons from whom the owner has previously received a preliminary 20–day notice. A.R.S. § 33–993(F).

Although § 33–993(A) requires that a claimant "serve" a copy of the notice and claim of lien upon the owner, the method of service is not specified. Vasquez argues that the failure of the legislature to define the term "serve" in that subsection manifests an intent to allow service simply by depositing the notice for mailing as first class regular mail. We do not agree. The word "serve" is a legal term of art which, as defined throughout Article 6, requires at least first class, registered or certified mail. We believe that the legislature's use of the term "serve" manifests an intent to require something more than merely depositing the notice and claim of lien for mailing by first class regular mail. Since the purpose of the notice requirement is to allow a property owner an opportunity to investigate the claim, and since not all claimants are required to serve a preliminary 20–day notice, the service of a copy of the notice and claim of lien must at least be made in the same manner as the 20–day notices are required to be served.

■ Our supreme court has stated that the cardinal rule of statutory construction is to ascertain the intent of the legislature. *Collins v. Stockwell*, 137 Ariz. 416, 671 P.2d 394 (1983). In the mechanic's lien statutes, the legislature has shown an intent to require particular methods of service. The theory of *in pari materia* in construing § 33–993(A) supports our conclusion. "*In pari materia* is a rule of statutory construction whereby the meaning and application of a specific statute or portion of a statute is determined by looking to statutes which relate to the same person or thing and which have a purpose similar to that of the statute being construed." *Collins v. Stockwell*, 137 Ariz. at 419, 671 P.2d at 397. Thus, a reading of the term "serve" as it is used in § 33–

993(A) requires that service made by mail be by first class, registered or certified mail, with the sender obtaining a certificate of mailing, receipt of registration or receipt of certification.

■ Vasquez did not comply with the service requirements of A.R.S. § 33–993(A). Taking as true its assertion that a copy of the notice and claim of lien was deposited in first class mail, Vasquez did not obtain a certificate of mailing which we hold is the least that is required by the statute. Citing *James Weller, Inc. v. Hansen*, 21 Ariz.App. 217, 517 P.2d 1110 (1973), Vasquez urges us to find that it substantially complied with the lien perfection requirements. In *James Weller*, Division One of this court stated that the vital parts of perfecting a lien are the time elements, the content and the recording. We do not believe that service upon the owner is unimportant. The purpose of the statute is to give the owner an opportunity to protect himself by withholding sums due and owing to the contractor and to give the owner time to investigate the claim. How is this purpose served by allowing a purported claimant to establish that the owner was served with the required notice by merely executing an affidavit, with no further evidence?

In *Peterman-Donnelly Engineers & Contractors Corp. v. First National Bank of Arizona*, 2 Ariz.App. 321, 408 P.2d 841 (1965), the court found that the service requirement of § 33–993 had been substantially complied with where potentially defective service was remedied by the subsequent execution of an acknowledgment of receipt of service by the owner's agent. This case is distinguishable because Old Adobe contends that it did not receive a copy of the notice at all. Furthermore, Vasquez' affidavit stating that the notice and claim of lien was mailed to Old Adobe is not accompanied by a certificate of mailing, a copy of a transmittal letter or any other evidence of mailing. Assuming, arguendo, that substantial compliance is sufficient, there was no such proof in the present case. Vasquez' unsupported affi-

davit is not evidence of substantial compliance.

■ Vasquez also relies on Rule 4(e)(7), Rules of Civil Procedure, 16 A.R.S. (effective October· 1, 1985), for the proposition that depositing the notice as first class mail is sufficient. We disagree. Rule 4(e)(7) allows service of a summons and complaint in that manner but also requires that the sender enclose an acknowledgment of receipt to be signed and returned by the person served. If no acknowledgment of receipt is received by the sender within the time specified, Rule 4(e)(7)(c) provides that service "may be made as otherwise provided in this Rule." Rule 4(e)(7) does not support Vasquez' position.

■ Since we find that Vasquez failed to comply with the service requirements of § 33–993(A), we must address Vasquez' argument that personal service of the notice and claim of lien, which was appended to and served with its complaint, constitutes service "within a reasonable time after the recording of the lien," or at least that this is a fact question for the jury. Under the circumstances of this case we do not agree. Section 33–993(A) requires that such service be made "within a reasonable time" after the notice and claim of lien has been recorded with the county recorder. A.R.S. § 33–998 provides that a lien recorded under the provisions of Article 6 "shall not continue for a longer period than six months after it is recorded, unless action is brought within such period to enforce the lien." Since the purpose of the notice requirement is to allow an owner an opportunity to protect himself and to investigate the claim, absent unusual circumstances, the notice requirement of § 33–993(A) will not be met merely by appending a copy of the notice and claim of lien to the complaint filed in an action to foreclose that very lien. For example, where the owner has moved and, through diligent efforts, the claimant is unable to locate the owner immediately, the question of timeliness may be resolved in favor of the claimant. That is not the situation here.

■ We also note that, although Vasquez' complaint alleges compliance with the recordation requirements of A.R.S. § 33–993(A), it does not allege that service was made pursuant to the statute. See generally *Williams v. A.J. Bayless Markets, Inc.*, 13 Ariz.App. 348, 476 P.2d 869 (1970). Finally, we note that a lien which has not been perfected pursuant to the statute may not be revived or perfected through the filing of a foreclosure action. See *Irwin v. Murphey*, 81 Ariz. 148, 302 P.2d 534 (1956).

■ Vasquez argues that the 90–day limitation period specified in § 33–993(A) for the recording of the notice and claim of lien should also apply to the timing of service of the notice upon the owner. We find that argument to be totally devoid of merit. The statute is clear that the time of service must be within a reasonable time following the recording of the notice and claim of lien; therefore, while the statute allows a lien to be recorded within 90 days after completion of the project, once the lien has been recorded, the service requirement "within a reasonable time" applies. What is reasonable will depend on the facts of a particular case.

■ Old Adobe also seeks relief from the respondent judge's order denying summary judgment on that portion of its counterclaim filed pursuant to A.R.S. § 33–420. That statute allows an owner of real property against which an invalid claim, lien or encumbrance has been recorded to recover damages, costs and attorney's fees in a specified amount. Section 33–420(A) provides as follows:

"A person purporting to claim an interest in, or a lien or encumbrance against, real property, who causes a document asserting such claim to be recorded or filed in the office of the county recorder, *knowing or having reason to know* that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid is liable to the owner or beneficial title holder of the real property for the sum of not less than five thousand dollars, or for treble the actual damages caused [by] the re-

cording or filing, whichever is greater, and reasonable attorney's fees and costs of the action." (Emphasis added.)

We find that summary judgment is inappropriate in this case. There is a disputed issue to be determined by the trier of fact as to whether Vasquez knew or had reason to know that its claim of lien was invalid.[1] We decline to grant special action relief as to the order denying summary judgment in favor of Old Adobe on its counterclaim.

We note that, although the lien is invalid, the complaint also appears to set forth a claim on open account. The trial court is hereby ordered to dismiss that portion of Vasquez' complaint which seeks to foreclose the claimed lien.

HATHAWAY, C.J., and HOWARD, P.J., concur.

---

**1.** The evidence may show that Vasquez' regular manner of serving a copy of notice and claim of lien upon an owner is different than the method which it claims to have used to serve Old Adobe.