87 P.3d 839

**Vicki PENCE, an individual, Plaintiff–Appellant,**

v.

**Stephen D. GLACY, M.D. and Jane Doe Glacy, if married, Defendants– Appellees.**

No. 1 CA–CV 02–0520.

Court of Appeals of Arizona, Division 1, Department C.

Jan. 29, 2004.

Anderson, Hurwitz & Harward By Eric C. Anderson, Scottsdale, Attorneys for Plaintiff–Appellant.

Gammage & Burnham, P.L.C. By Cameron C. Artigue, George U. Winney, Phoenix, Attorneys for Defendants–Appellees.

## OPINION

GARBARINO, Judge.

¶ 1 Plaintiff, Vicki Pence, appeals the trial court's determination that defendant, Stephen Glacy, M.D., was not liable for recording an invalid lien against her residence under Arizona Revised Statutes (A.R.S.) section 33–420(A) (2000). For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶ 2 Vicki Pence is a physician's assistant who was hired by Dr. Stephan Glacy in August 1999. In October 1999, Pence was having marital problems with her husband, William Dean Johnson. Pence approached Glacy and requested a loan so that she could hire an attorney to handle the dissolution of her marriage. Glacy reluctantly agreed to loan Pence $6000.00 on the condition that Pence execute a written loan agreement and secure the loan with a deed of trust on her residence. Without the written loan agreement and the deed of trust, Glacy would not have agreed to the loan.

¶ 3 On October 20, 1999, the parties executed the written loan agreement and Glacy gave Pence $6000.00. The agreement expressly provided that Glacy would have a lien on Pence's residence. It also provided that if Pence's employment were to be terminated for any reason, the outstanding balance due on the loan would become payable. Glacy directed his office manager, Joan Kercher, to have a deed of trust prepared, executed, and recorded. He also had Kercher obtain a policy of title insurance. The deed of trust was prepared and given to Pence for execu-

tion. The deed included Johnson's name as a trustor. The deed of trust was not signed by Johnson. His name was struck from the deed of trust some time prior to its being returned to Kercher. Pence executed the deed before a notary and returned the notarized deed of trust to Kercher. Kercher then sent the deed of trust to the title company for recording by the Maricopa County Recorder.

¶ 4 Approximately one month later, the employment relationship between Pence and Glacy ended. Pence's last paycheck was applied to the loan, but there remained an outstanding balance despite letters to Pence from Glacy's office requesting payment.

¶ 5 In March 2000, Pence and her husband attempted to sell the residence. The title company involved in the sale, Lawyer's Title, raised the issue of the deed of trust. On March 27, 2000, Glacy received a letter from Pence's attorney demanding that he release the deed of trust, alleging that the deed did not contain the signatures of both spouses as required by A.R.S. § 25–214(C)(1) (2000) to obtain an interest in community property. Lawyer's Title requested that Glacy provide copies of the relevant documents, which Glacy produced. Johnson also approached Glacy and asked whether he would release the deed of trust in exchange for repayment of the loan from the proceeds of the closing on the sale of the residence. Lawyer's Title also requested that Glacy sign a release of the deed of trust. Glacy executed a release of the deed of trust on March 29, 2000, and was paid the balance of the loan.

¶ 6 On July 21, 2000, Pence filed suit against Glacy alleging, among other claims, false recording of the lien under A.R.S. § 33–420 (2000).[1] Pence alleged that the deed of trust was invalid because it lacked Johnson's signature and Glacy knew or had reason to know that it was invalid when he had it recorded by the Maricopa County Recorder. Pence asserts that this clouded the title to the property. The matter was submitted to compulsory arbitration. After an evidentiary hearing, the arbitrator found in favor of Glacy and awarded him attorneys' fees. Pence appealed the arbitrator's decision to superior court.

¶ 7 The trial court denied a defense motion for summary judgment, finding that an issue of material fact existed at least as to whether Glacy knew or had reason to know of the invalidity of the deed of trust. Prior to trial, Pence requested that the court make specific findings of fact and conclusions of law pursuant to Rule 52 of the Arizona Rules of Civil Procedure.

¶ 8 At trial, the court found that the deed of trust was an invalid conveyance of marital property because the deed of trust required the signatures of both spouses under A.R.S. § 25–214(C)(1). The court also found, however, that Glacy did not know and had no reason to know that the deed of trust was invalid or potentially invalid because of Johnson's failure to sign it. The court noted that Glacy proceeded with the loan only because he believed the deed of trust provided security, and that, having never been married, Glacy had no particular or specialized knowledge of community property laws. The court also found that the recording of the deed of trust did not delay or in any way adversely affect the sale of the property and that Glacy was paid no more than the outstanding balance due on the loan. The court rejected Pence's contention that knowledge of the deed's invalidity should be imputed to Glacy because "every man is presumed to know the law." The court found that a showing of scienter is a requirement under the statute and that Pence did not make the required showing. The court denied a request for reconsideration.

¶ 9 The trial court entered judgment in favor of Glacy and awarded attorneys' fees in the amount of $11,000.00 and costs in the amount of $572.20 plus interest. Pence filed a timely notice of appeal. We have jurisdiction pursuant to A.R.S. §§ 12–120.12(A)(1) and 12–2101(B) (2003).

---

1. In addition to the false recording claim, Pence alleged that Glacy had terminated her employment in bad faith to avoid paying her a promised bonus and that her acceptance of the loan was in reliance on Glacy's representation that she would continue to be employed and would receive that bonus. Johnson assigned to Pence his rights in any claim against Glacy.

## DISCUSSION

¶ 10 On appeal, we are bound by the trial court's findings of fact unless they are demonstrated to be clearly erroneous. *Sabino Town & Country Estates Ass'n v. Carr,* 186 Ariz. 146, 149, 920 P.2d 26, 29 (App.1996). Although we are bound by the trial court's findings of fact, we are not likewise bound by the trial court's conclusions of law, and we review conclusions of law de novo. *Id.* Interpretation of a statute is an issue of law and is therefore reviewed de novo. *State Comp. Fund v. Superior Court,* 190 Ariz. 371, 374–75, 948 P.2d 499, 502–03 (App.1997).

¶ 11 Pence contends that Glacy is liable for statutory damages under A.R.S. § 33–420(A), which states that

[a] person purporting to claim an interest in, or a lien or encumbrance against, real property, who causes a document asserting such claim to be recorded in the office of the county recorder, knowing or having reason to know that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid is liable to the owner or beneficial title holder of the real property for the sum of not less than five thousand dollars, or for treble the actual damages caused by the recording, whichever is greater, and reasonable attorney fees and costs of the action.

Pence challenges the trial court's determination that Glacy did not know or have reason to know that the lien was invalid.[2] Pence contends that knowledge can be imputed and there is the presumption that "every man is presumed to know the law and ignorance thereof is no excuse." We find no merit to Pence's argument.

¶ 12 Pence asserts that the trial court mistakenly relied on *Wyatt v. Wehmueller* in deciding that scienter was a requirement under A.R.S. § 33–420(A) and could not be imputed to a defendant. 167 Ariz. 281, 284–85, 806 P.2d 870, 873–74 (1991). In *Wyatt,* the Arizona Supreme Court considered whether a client could be liable under A.R.S. § 33–420 for filing a groundless lis pendens when the client's attorney knew the document was groundless, but filed it without informing the client of the filing. *Id.* at 283, 806 P.2d at 872. The supreme court concluded that the statute imposes liability only if the person causing the filing of the invalid document knows or has reason to know that the document is invalid, thereby mandating a finding of scienter on the part of the person causing the filing. *Id.* at 284, 806 P.2d at 873. The supreme court reasoned that although an attorney is generally authorized to act on behalf of a client, the lawyer's knowledge as to the groundlessness of the document filed could not be imputed to the client to impose liability under the statute when the client was not aware that the lawyer had filed the lis pendens. *Id.* at 284–85, 806 P.2d at 873–74.

¶ 13 Pence argues that *Wyatt* was limited to its facts by *Hatch Cos. Contracting, Inc. v. Arizona Bank,* 170 Ariz. 553, 826 P.2d 1179 (App.1991). Pence asserts that *Hatch* supports her position that knowledge of the invalidity of the deed of trust can be imputed to Glacy.

¶ 14 In *Hatch,* this Court was faced with a situation similar to that in *Wyatt. Hatch,* however, is distinguishable on the grounds that the client was aware that the attorney had filed the lis pendens. *Id.* at 559, 826 P.2d at 1185. When it is determined that a client knows of the filing of a groundless document, an attorney's knowledge of the impropriety of the filing can be imputed to that client. *Id.* The focus then becomes whether an attorney has the required knowledge to impose liability under the statute. *Id.* In *Hatch,* this Court concluded that the appellant client failed to prove that the attor-

2. The trial court found that the deed of trust was invalid because Johnson did not sign the deed as required under A.R.S. § 25–214(C) to bind the marital community to a purported transfer of an interest in real property. Glacy disputes this finding, arguing that although the deed of trust was unenforceable and ineffective against the marital property, the separate property of the signing spouse was accessible and it was not invalid or void for purposes of A.R.S. § 33–420. Because we affirm the trial court's ruling with respect to Glacy's lack of knowledge, we do not reach the issue of the validity or invalidity of the deed of trust. For purposes of this analysis, we accept the trial court's determination of invalidity.

ney had no reason to know that the filing was improper. *Id.*

¶ 15 *Hatch* is not helpful to Pence. This Court found that knowledge, under the statute, can be imputed from a lawyer to a client in some circumstances. *See id. Hatch*, however, like *Wyatt*, also held that the statute affirmatively requires a showing that the person causing the filing knows or has reason to know that the document being filed is invalid. *Id.* at 558, 826 P.2d at 1184; *Wyatt*, 167 Ariz. at 284, 806 P.2d at 873.

■ ¶ 16 The parties agree that Glacy caused the deed of trust to be recorded. Therefore, Pence was required to show that Glacy knew or had reason to know that the deed was invalid. In addition to *Hatch*, Pence cites several cases in support of her argument that the presumption of knowledge is sufficient to impose liability under the statute. The cases cited by Pence do not support her position.[3] Here, Pence is attempting to use the presumption to replace a specific statutory scienter requirement established by the legislature as a condition for liability under the statute. The presumption, however, does not supplant the requirement expressly included by the legislature that the party causing an invalid document to be recorded know or have reason to know that the document is invalid. "Reason to know" under A.R.S. § 33–420 means:

> [T]he actor has knowledge of facts from which a reasonable man of ordinary intelligence or one of the superior intelligence of the actor would either infer the existence of the fact in question or would regard its existence as so highly probable that his conduct would be predicated upon the assumption that the fact did exist.

*Hatch*, 170 Ariz. at 559, 826 P.2d at 1185 (quoting Restatement (Second) of Torts § 12(1) cmt. a (1965)). Whether Glacy knew or had reason to know that the deed of trust was invalid is a question of fact. *See Old Adobe Office Props., Ltd. v. Gin*, 151 Ariz. 248, 253, 727 P.2d 26, 31 (App.1986) (stating

whether a party knew or had reason to know that a lien claim was invalid was a disputed issue to be determined by the trier of fact). The trial court expressly found that Glacy did not know or have reason to know that the lien was invalid, noting that Glacy had never been married and had no particular or specialized knowledge regarding community property laws. Pence does not challenge this factual finding, and, given the absence of a transcript of the court proceedings, we assume that the record in the trial court supports the court's findings. *Baker v. Baker*, 183 Ariz. 70, 73, 900 P.2d 764, 767 (App.1995). As a matter of law, we reject Pence's argument that the presumption of knowledge of the law provides the scienter requirement under the statute. There being no challenge to the factual finding of the trial court, we affirm the trial court's finding in favor of Glacy.

¶ 17 Glacy requests attorneys' fees on appeal pursuant to A.R.S. § 12–341.01(A) (2003). After consideration of the factors established in *Wagenseller v. Scottsdale Mem'l Hosp.*, 147 Ariz. 370, 394, 710 P.2d 1025, 1049 (1985), we award reasonable attorneys' fees to Glacy. Despite the fact that the record contains some information that an award of fees to Glacy could be a hardship on Pence,[4] Pence has not made that argument to this Court and has not objected to Glacy's request.

## CONCLUSION

¶ 18 The trial court's ruling is affirmed. We award reasonable attorneys' fees to Glacy upon Glacy's compliance with Rule 21 of the Arizona Rules of Civil Appellate Procedure.

CONCURRING: ANN A. SCOTT TIMMER, Presiding Judge, and PHILIP HALL, Judge.

---

**3.** *Lurie v. Ariz. Fertilizer & Chem. Co.*, 101 Ariz. 482, 421 P.2d 330 (1966); *Conway v. State Consol. Publ'g Co.*, 57 Ariz. 162, 112 P.2d 218 (1941); *Maricopa Laundry Co. v. Levandoski*, 40 Ariz. 91, 9 P.2d 1014 (1932); and *Moore v. Meyers*, 31 Ariz. 347, 253 P. 626 (1927).

**4.** Pence filed for Chapter 7 bankruptcy in September 2002.