**Marcela BRODOWY, Plaintiff–Appellant,**

v.

**RAYTHEON COMPANY, a Delaware corporation, Defendant–Appellee.**

No. 05–17422.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 7, 2007.*

Filed Nov. 9, 2007.

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Herbert Beigel, Esq., Herbert Beigel & Associates LLC, Tucson, AZ, for Plaintiff–Appellant.

Ronald J. Stolkin, Esq., Fennemore & Craig, PC, Phoenix, AZ, for Defendant–Appellee.

Before: KLEINFELD, SILVERMAN, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

The district court held that Appellant Marcela Brodowy's claims are not preempted by the Employee Retirement Income Security Act of 1974 ("ERISA") and that her state-law claims are barred under the relevant Arizona statutes of limitations. We affirm.

Brodowy's state-law claims of fraud and negligent misrepresentation do not "relate to any employee benefit plan." *See* 29 U.S.C. § 1144(a). "State law 'relates to' an ERISA benefit plan if there is a

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

'connection with' or 'reference to' such a plan." *Abraham v. Norcal Waste Sys., Inc.,* 265 F.3d 811, 820 (9th Cir.2001) (quoting *Blue Cross v. Anesthesia Care Assocs. Med. Group Inc.,* 187 F.3d 1045, 1052 (9th Cir.1999)). A state law claim may have a "connection with" an ERISA plan if it "encroach[es] upon ERISA-regulated relationships," *id.* at 820, "such as between plan and plan member, plan and employer, and plan and plan trustee," *Blue Cross,* 187 F.3d at 1053. Brodowy and Raytheon stand in no such relationship with respect to her claims in this case. The causes of action also do not make "reference to" an ERISA benefit plan.

■ For similar reasons, Brodowy's claims are not preempted because they are not displaced by ERISA's civil enforcement provisions. *See* 29 U.S.C. § 1132(a)(1)(B); *Aetna Health Inc. v. Davila,* 542 U.S. 200, 209, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004); *Cleghorn v. Blue Shield of Cal.,* 408 F.3d 1222, 1225 (9th Cir.2005). "ERISA does not preempt the claims of parties who do not have the right to sue under ERISA because they are neither participants in nor beneficiaries of an ERISA plan." *Miller v. Rite Aid Corp.,* 504 F.3d 1102, 1105–06 (9th Cir. 2007). Brodowy concedes that she has no entitlement or colorable claim to benefits under the plan, and therefore her state-law causes of action do not "duplicate[ ], supplement[ ], or supplant[ ] the ERISA civil enforcement remedy." *Davila,* 542 U.S. at 209, 124 S.Ct. 2488.

■ The parties agree that the relevant statute of limitations is, at most, three years. *See* A.R.S. §§ 12–542, –543. Under Arizona law, "a plaintiff's cause of action does not accrue until the plaintiff knows or, in the exercise of reasonable diligence, should know the facts underlying

the cause." *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.,* 182 Ariz. 586, 898 P.2d 964, 966 (1995) (en banc). Brodowy, in the exercise of reasonable diligence, should have known the facts underlying her causes of action on or before August 14, 1997. Brodowy has not justified tolling or suspending the statute of limitations by alleging facts demonstrating that Raytheon intentionally "cause[d] delay, then s[ought] to take advantage of it by pleading the statute." *See Lim v. Superior Court of Pima County,* 126 Ariz. 481, 616 P.2d 941, 943 (Ariz.Ct.App.1980). Because Brodowy's cause of action accrued on or before August 14, 1997, her claims brought on June 8, 2005 are barred under the relevant Arizona statutes of limitations.

AFFIRMED