NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

YOCHANAN CHRISTAKIS, *Plaintiff/Appellant*,

*v.*

YOSEPH GOODMAN, et al., *Defendants/Appellees*.

No. 1 CA-CV 20-0174
FILED 2-2-2021

Appeal from the Superior Court in Maricopa County
No. CV2019-004364
The Honorable Christopher A. Coury, Judge

**AFFIRMED**

COUNSEL

Yochanan Christakis, Mesa
*Plaintiff/Appellant*

Jones, Skelton & Hochuli, P.L.C., Phoenix
By Josh M. Snell, Petra L. Emerson
*Counsel for Defendants/Appellees Yoseph and Shulamit Goodman*

Emord & Associates, P.C., Gilbert
By Peter A. Arhangelsky, Eric J. Awerbuch
*Counsel for Defendants/Appellees Uri and Albina Sukhodolsky*

---

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Cynthia J. Bailey joined.

---

**W I N T H R O P**, Judge:

¶1        Yochanan Christakis appeals the superior court's order granting summary judgment to Uri Sukhodolsky, Albina Sukhodolsky, Yoseph Goodman, and Shulamit Goodman (collectively, "Defendants") based on the expiration of the statute of limitations on his defamation claims.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        On March 28, 2019, Christakis filed the subject lawsuit for defamation based on statements allegedly made via speech, emails, text messages, and WhatsApp messages beginning in November or December 2017.  Christakis alleged he discovered publication of the statements on or about April 3, 2018.

¶3        Defendants moved for summary judgment, arguing the claims were barred by the one-year statute of limitations set forth in Arizona Revised Statutes ("A.R.S.") section 12-541(1).  Christakis filed an amended complaint in which he reasserted claims based on communications made beginning on December 21, 2017, again emphasizing that he did not discover the specific statements until April 3, 2018.  In his response to Defendants' motion for summary judgment, Christakis argued the discovery rule tolled the statute of limitations until he discovered the specific statements on April 3, 2018, during the pendency of a defamation lawsuit he had filed in 2017 against Jason Bedrick and fictitious defendants, *Christakis v. Bedrick, et al.*, CV2017-008056 ("the *Bedrick* case").[1]

¶4        At oral argument on the motion for summary judgment, Christakis specified as the basis of his claims against Defendants a string of WhatsApp messages allegedly sent on December 21, 2017, but not

---

[1]        Pursuant to a notice of voluntary dismissal, the superior court dismissed the *Bedrick* case on September 23, 2018.

discovered by Christakis until April 3, 2018, during discovery in the *Bedrick* case. The superior court took judicial notice of the filings in the *Bedrick* case and questioned Christakis about these WhatsApp messages and the allegations he made in that litigation.

¶5 Specifically, the court noted that on February 14, 2018, Christakis alleged in an amended complaint in the *Bedrick* case that, "[u]pon information and belief, . . . Bedrick and other unknown Defendants began" making defamatory statements about him in late 2017 "via mass emails, mass text messages and mass WhatsApp messages." The court found that, based on Christakis' filings in the *Bedrick* case, his claims relating to the allegedly defamatory communications made by unknown persons accrued no later than February 14, 2018. Because Christakis filed the subject lawsuit on March 28, 2019, the court found these claims barred by the one-year statute of limitations. *See* A.R.S. § 12-541(1). The court granted Defendants' motion for summary judgment and entered final judgment on all claims pursuant to Arizona Rule of Civil Procedure ("Rule") 54(c). Christakis moved for a new trial, which the court summarily denied.

¶6 We have jurisdiction over Christakis' timely appeal pursuant to A.R.S. § 12-2101(A)(1) and (A)(5)(a).

## ANALYSIS

¶7 We review *de novo* the grant of summary judgment, "viewing the facts and reasonable inferences in the light most favorable" to Christakis, against whom summary judgment was taken. *See BMO Harris Bank, N.A. v. Wildwood Creek Ranch, LLC*, 236 Ariz. 363, 365, ¶ 7 (2015). We will affirm a grant of summary judgment when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(a); *see also Orme Sch. v. Reeves*, 166 Ariz. 301, 305 (1990).

¶8 On appeal, Christakis argues the superior court should have determined that the alleged defamatory statements were published in a secretive manner in the private, members-only WhatsApp group chat and that the discovery rule applied to toll the statute of limitations. On this record, we disagree.

¶9 The one-year statute of limitations for defamation begins to accrue on publication. A.R.S. § 12-541(1); *Lim v. Superior Court*, 126 Ariz. 481, 482 (App. 1980); *Clark v. Airesearch Mfg. Co. of Ariz., Inc.*, 138 Ariz. 240, 241 (App. 1983); *Boatman v. Samaritan Health Servs., Inc.*, 168 Ariz. 207, 213 (App. 1990). The discovery rule applies to toll the statute of limitations in the limited circumstance in which the alleged defamatory statement is

"peculiarly likely to be concealed from the plaintiff" or "published in a particularly secretive manner which would make [it] unlikely to come to the attention of the injured party," such as in a credit report or a confidential business memorandum. *Clark*, 138 Ariz. at 242-43. "The plaintiff has the burden of establishing that the discovery rule should apply to delay the statute of limitations." *Wyckoff v. Mogollon Health All.*, 232 Ariz. 588, 591, ¶ 9 (App. 2013).

¶10　　　　Here, rather than explicitly making a finding that publication on WhatsApp was not secret or concealed and that the discovery rule did not apply, the superior court focused its inquiry on when Christakis knew—or had a good faith belief formed after an inquiry to satisfy Rule 11—that his defamation claims existed. The court specifically noted:

> [I]t is unnecessary for this Court to decide on what date Plaintiff's claims accrued between December 21, 2017 (the date of publication) and February 14, 2018 (the date Plaintiff made these statements in [the *Bedrick* case]). Because both dates are more than one year before Plaintiff initiated this case, the precise date in this range is immaterial to this decision.

The superior court did not err by declining to specifically find that the statements were published in a secretive manner or determine precisely when the statute of limitations began to accrue. As evidenced by Christakis' filings in the *Bedrick* case and concessions made at oral argument in the summary judgment hearing, the record supports the court's explicit finding that Christakis knew in February 2018 that allegedly defamatory statements were made about him in late 2017 on WhatsApp by unknown individuals.

¶11　　　　Christakis argues that the allegations he made in the *Bedrick* case did not refer to the specific December 2017 statements made by Defendants, that the superior court failed to "liberally construe" his *Bedrick* case allegations, and that there is a genuine factual dispute about when he actually discovered the specific statements made by these particular Defendants. We find these arguments unavailing. The statute of limitations is not tolled in a defamation action when the plaintiff learns that negative things are being said about him but cannot learn the identity of the alleged defamer. *See Lim*, 126 Ariz. at 482-83 (finding the statute of limitations was not tolled when the plaintiff could not identify the authors of an anonymous, allegedly defamatory letter); *Clark*, 138 Ariz. at 242-43 (declining to apply the discovery rule when the plaintiff was led to believe

negative things were being said about him before the expiration of the statute of limitations but did not see the negative comments in writing until reading a deposition transcript during the pendency of a related lawsuit).

¶12 When a plaintiff knows about an allegedly defamatory statement but does not know the identity of the alleged defamer, a "complaint naming fictitious defendants" should be filed, and a "subsequent amendment to name the alleged defamers once their identity [is] determined" should follow. *Lim*, 126 Ariz. at 483. Here, during the pendency of the *Bedrick* case, Christakis learned of negative comments being made about him on WhatsApp by unknown individuals in late 2017. While he claims he did not know the specific identity of the alleged defamers, or the exact date when the statements were made, he affirmed to the superior court that he knew statements had been made and that the statements were defamatory. In light of these uncontested facts, the proper procedure was to amend the existing *Bedrick* complaint, not dismiss that lawsuit and file a new one after the expiration of the statute of limitations. *See id.*

¶13 Because Christakis' defamation claims against Defendants accrued at the latest by February 14, 2018, the superior court properly granted summary judgment to Defendants.

## CONCLUSION

¶14 For the foregoing reasons, we affirm the superior court's ruling. In our discretion, we decline Defendants' request to award attorneys' fees as sanctions. We award Defendants their taxable costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA