NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JEFFREY PETERSON, *Plaintiff/Appellant,*

*v.*

DENNIS BURKE, *Defendant/Appellee.*

No. 1 CA-CV 20-0626
FILED 7-22-2021

Appeal from the Superior Court in Maricopa County
No.  CV 2020-052864
The Honorable Andrew J. Russell, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Horne Slayton PLLC, Scottsdale
By Thomas C. Horne
*Counsel for Plaintiff/Appellant*

Ballard Spahr LLP, Phoenix
By David J. Bodney, Daniel A. Arellano
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge D. Steven Williams and Judge Paul J. McMurdie joined.

---

C A M P B E L L, Judge:

¶1          Jeffrey Peterson appeals from the superior court's dismissal of his complaint alleging defamation by Dennis Burke. The court ruled the claim was barred by the statute of limitations. A claim for defamation must be brought within a year from publication of the alleged defamatory statement. A.R.S. § 12-541(1); *Larue v. Brown*, 235 Ariz. 440, 443, ¶ 15 (App. 2014). We agree with the superior court and affirm the dismissal.

## BACKGROUND

¶2          On April 19, 2019, a group of investors filed a complaint against Peterson and others ("Investors' Complaint") alleging fraud, securities fraud, misrepresentation, and breach of fiduciary duty.[1] The investors filed a First Amended Complaint ("FAC") on May 30, 2019. Both pleadings identified Burke as the source of the investors' allegations against Peterson. On May 8, 2020, Peterson filed a complaint against Burke alleging that his statements to the investors were false and defamatory.

¶3          Burke moved to dismiss for failure to state a claim under Arizona Rule of Civil Procedure ("Rule") 12(b)(6). Burke argued that Peterson's claim was barred by the statute of limitations because the Investors' Complaint alleged Burke made the statements at issue in 2017. *See* A.R.S. § 12-541(1); *see also Boatman v. Samaritan Health Servs.*, 168 Ariz. 207, 212–13 (App. 1990).

¶4          Peterson filed a Response to the Motion to Dismiss and Alternative Motion for Leave to Amend, attaching a declaration (the "Declaration"), which stated that Burke made additional defamatory statements in May 2019 that led to the filing of the FAC. In reply, Burke argued that because the allegations in the FAC appeared verbatim in the Investors' Complaint, which was filed in April 2019, they were necessarily time-barred. He also argued that Peterson's motion for leave to amend was

---

[1]          The investors are not party to this appeal.

procedurally deficient because he failed to file a proposed amended complaint, as required by Rule 15(a)(4).

¶5 Peterson then filed a second motion for leave to amend, including a proposed amended complaint, which did not incorporate the Declaration. Burke opposed the motion, arguing the claims remained time-barred and that amendment would be futile.

¶6 The superior court noted Peterson's defamation claim was based on statements Burke made to the investors that formed the basis of the Investors' Complaint, filed on April 19, 2019, and the FAC, filed a month later. Although Peterson argued he filed his defamation claim less than a year after the statements recounted in the FAC, the court pointed out that "[t]he allegations in the [FAC] that relate to statements made by [Burke] occur verbatim in the original complaint filed on April 19, 2019." Reasoning that Burke's statements must have been made before April 19, 2019, the court held that Peterson's claim was barred by the statute of limitations and that amendment would be futile. Peterson timely appeals.

## DISCUSSION

¶7 We review the superior court's dismissal of a complaint under Rule 12(b)(6) de novo. *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 8 (2012). Under Rule 12(b)(6), dismissal is appropriate only if "as a matter of law . . . plaintiffs would not be entitled to relief under any interpretation of the facts susceptible of proof." *Fid. Sec. Life Ins. Co. v. State Dep't of Ins.*, 191 Ariz. 222, 224, ¶ 4 (1998).

### I. The Motion to Dismiss

¶8 When reviewing the dismissal of a complaint for failure to state a claim, "Arizona courts look only to the pleading itself and consider the well-pled factual allegations contained therein. Courts must also assume the truth of the well-pled factual allegations and indulge all reasonable inferences therefrom." *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7 (2008) (citations omitted). "A complaint's exhibits, or public records regarding matters referenced in a complaint, are not 'outside the pleading,' and courts may consider such documents without converting a Rule 12(b)(6) motion into a summary judgment motion." *Coleman*, 230 Ariz. at 356, ¶ 9.

¶9 Peterson argues the superior court erred in dismissing his claim as time-barred because his complaint did not identify the date Burke made the statements at issue. But in his complaint, Peterson alleged that his

claim was based on statements by Burke that formed the basis of the Investors' Complaint and FAC, and Peterson attached a copy of the FAC to the complaint and incorporated it by reference. *See* Rule 10(c). We therefore review the FAC as a part of the pleading. *Coleman*, 230 Ariz. at 356, ¶ 9.

¶10 Peterson's complaint against Burke was based on specific statements the FAC asserted Burke made in 2017. As stated by the superior court, the allegations Peterson cited in the FAC also appeared verbatim in the Investors' Complaint and, therefore, necessarily were made prior to its filing in April 2019. Peterson argues that by referring to the Investors' Complaint—which he did not attach to his complaint—Burke's motion to dismiss included matters extrinsic to the complaint and the court erred by considering it.

¶11 Contrary to Peterson's argument, however, a superior court reviewing a Rule 12(b) motion may consider "a document that is a matter of public record" without converting the motion into a motion for summary judgment pursuant to Rule 56. *Strategic Dev. & Const., Inc. v. 7th & Roosevelt Partners, LLC*, 224 Ariz. 60, 64, ¶ 13 (App. 2010). Because the Investors' Complaint is a public record and was the basis of Peterson's complaint, the court did not err by considering it in deciding Burke's Rule 12(b) motion. *See id.* at ¶ 14.

¶12 In Arizona, "[a]n action for defamation accrues and the Statute of Limitations begins to run upon publication." *Lim v. Superior Ct.*, 126 Ariz. 481, 482 (App. 1980). We agree with the superior court that the Investors' Complaint, filed in April 2019, plainly alleges the same defamatory statements by Burke contained verbatim in the FAC filed a month later. Peterson's claim for defamation, therefore, accrued before the filing of the Investors' Complaint on April 19, 2019, meaning that Peterson was required to file his defamation claim against Burke no later than April 2020. *See* A.R.S. § 12-541(1). Because Peterson filed his complaint in May 2020, his claim is barred by the statute of limitations and no amendment could cure that defect.

¶13 Peterson, however, argues the superior court erred by failing to consider his Declaration, which purported to allege defamatory statements by Burke in May 2019. The statements recounted in the Declaration, however, were not alleged in Peterson's complaint, nor were they alleged in his proposed first amended complaint, and the Declaration was attached to neither pleading under Rule 10(c). Accordingly, the court did not err by declining to consider the Declaration when it ruled on Burke's Rule 12(b)(6) motion. *See Cullen*, 218 Ariz. at 419, ¶ 7. We affirm.

## II.     Attorneys' Fees

¶14     Burke requests an award of attorneys' fees under A.R.S. § 12-349(A)(1)–(3). Burke argues Peterson filed this claim without substantial justification and only to expand or delay the proceedings and harass Burke. We disagree and decline to enter such an award.

## CONCLUSION

¶15     Because Peterson did not file his defamation claim within a year of the statements on which he sued, we affirm the superior court's dismissal of his complaint. We award Burke his costs on appeal subject to his timely compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:     AA